# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID THOMPSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Case No. CV415-064 |
| v. | ) | CR413-166 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

"This Court is once again confronted by a 28 U.S.C. § 2255 movant [David Thompson] who claims he told his lawyer to file a direct appeal from his conviction, yet none was filed." *Ortega v. United States*, 2014 WL 3012657 at * 1 (S.D. Ga. July 2, 2014). The government, as usual, responded with the lawyer's affidavit addressing his communications with Thompson about an appeal. *See* doc. 32-1.[1] As it usually does, the Government concedes the need for an evidentiary hearing to resolve the dispute of fact raised by the § 2255 motion and counsel's affidavit. Doc. 7 at 17.

---

[1] All citations are to the criminal docket in this case (unless otherwise noted) and using the pagination imprinted by CM/ECF.

Thompson states, under penalty of perjury, doc. 23 at 13, that "[c]ounsel refused to file my appeal for me as instructed." *Id.* at 10. In his brief, Thompson elaborates (though not under penalty of perjury), stating that "he told counsel to file and perfect an appeal . . . and counsel denied [that] request. . . . Counsel told petitioner . . . that he would and could not appeal, due to the appeal waiver in the plea agreement." Doc. 24 at 16.

Those assertions directly collide with what his lawyer, John Carson, Jr. attests. He says that just before Thompson pled guilty, he:

> discussed with Mr. Thompson that he had a right to appeal, that he was largely waiving that right except under limited circumstances set out in the plea agreement, and that [he] did not see any issue of possible merit on appeal if the waiver applied. Mr. Thompson told me he understood.

Doc. 32-1 at 3. After sentencing, Carson asked him whether he wanted to appeal. *Id.* Thompson stated that "he did not know and that he needed to think about it. [Carson] told him that a notice of appeal would need to be filed within two weeks and that he should let [Carson] know as soon as possible what he wanted to do." *Id.*

Six days later, Thompson's wife contacted Carson to discuss his options. *Id.* at 4. Carson conveyed his belief that no viable appellate

2

issues existed, particularly given the appeal waiver. *Id.* He "also told her that, if Mr. Thompson decided to appeal, [he] likely would file an *Anders* brief telling the Eleventh Circuit that [he] saw no meritorious issues for appeal." *Id.* "At no point did Mr. Thompson or his wife ever instruct [Carson] to file an appeal on his behalf." *Id.*

Although use of the Court's Notice of Counsel's Post-Conviction Obligations ("Notice") would potentially have obviated the need for an evidentiary hearing,[2] it appears that one was never provided to Carson at

---

[2] The Notice reminds counsel of the general "duty to consult" with the client about an appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). It requires that both the defendant and counsel execute the form, thus memorializing their consultation and the defendant's instructions regarding an appeal. That memorialization can avoid the expense associated with an evidentiary hearing (appointment of counsel for defendant, transporting him from a distant prison, burdening the court's time and limited resources), which often costs taxpayers "$10,000 or more, and in a time of record national debt." *Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011); *see also Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. June 26, 2015) (citing cases where similar § 2255 motions were summarily addressed based on the Notice).

Regrettably, the Notice apparently was not provided Carson at the sentencing hearing. Still, it is publically available on the Court's website, *see* http://www.gasd.uscourts.gov/pdf/NoticeToCounsel.pdf, and should Carson receive a CJA appointment again, he should use it whether or not he is handed a copy at sentencing. Failure to do so may result in denial of CJA fees, if not imposition of any downwind §2255 evidentiary hearing costs.

Too, the undersigned has directed the Clerk to send (and memorialize on the docket) all lawyers a copy of the Notice upon their first appearance in Savannah division cases. *Reed v. United States*, 2014 WL 1347455 at * 1 n. 4 (S.D. Ga. Apr. 4,

sentencing. *See* doc. 19. Regardless, neither Carson nor Thompson completed the post-conviction consultation certificate attached to the Notice. *See* doc. 32-1 at 4. The Court thus is left with the "he said, he said" outlined above and must hear from the parties. *See Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). To that end, the Deputy Clerk shall schedule an evidentiary hearing on Thompson's lost-appeal issue and select counsel to represent him at that hearing. *See* Rule 8(c), Rules Governing 28 U.S.C. § 2255 Proceedings.[3] The Court will reserve consideration of the remaining § 2255 issues pending the outcome of that hearing.

**SO ORDERED**, this 8th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

2014). The Court also urges prosecutors to physically hand a copy of the Notice to defense counsel at each sentencing in the event that (as happened here), the deputy clerk fails to do so. *See* doc. 19. Finally, the defense bar is reminded that the Notice is aimed at *assisting* each lawyer's duty to consult. Failure to receive a copy of the Notice does *not* excuse counsel's failure to uphold that duty.

[3] Rule 8(c) requires that a § 2255 movant be represented by counsel at any evidentiary hearing. Since Thompson is indigent, doc. 8, he qualifies for appointed counsel under 18 U.S.C. § 3006A. *See Nguyen v. United States*, 487 F. App'x 484, 4845 (11th Cir. 2012) (directing district court to appoint counsel for § 2255 movant, then resolve the ineffective-assistance claim during the required evidentiary hearing).